## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES STEPHEN PAVLICHKO,** : | |
|     Petitioner, : | |
| : | |
|         v. : | CIVIL ACTION NO. 01-CV-5911 |
| : | |
| **DONALD T. VAUGHN,** *et al.,* : | |
|     Respondents. : | |

### MEMORANDUM OPINION

*Pro se* Petitioner James Stephen Pavlichko, a prisoner in state custody serving a life sentence for first degree murder, has filed a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b). Pavlichko also filed a Memorandum of Law in support of his Rule 60(b) Motion. Also before the Court is Pavlichko's Motion to Grant Relief Requested and/or Issue Sanctions. In his Rule 60(b) Motion, Pavlichko seeks to reopen the judgment dismissing his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Because the Motion must be deemed to be an unauthorized second or successive habeas petition over which this Court lacks jurisdiction, this 60(b) Motion is dismissed. Pavlichko's Motion to Grant Relief Requested and/or Issue Sanctions is denied as moot.

**I.**     **BACKGROUND**

The procedural history and factual background of Pavlichko's conviction is fully set forth in the Report and Recommendation prepared by Magistrate Judge Carol S. Moore Wells. Accordingly, the Court outlines only the information necessary to place the instant Motion in context. Following the denial of his petition for post-conviction relief filed pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546, Pavlichko filed his § 2254 petition on November 21, 2001 asserting claims for violations of the

Confrontation Clause of the Sixth Amendment and ineffective assistance of counsel.  Magistrate Judge Carol S. Moore Wells recommended that Pavlichko's § 2254 petition should be denied and dismissed on the basis that his Confrontation Clause claim lacked merit and that his ineffective assistance of counsel claim was procedurally defaulted.[1]  Pavlichko filed Objections to the Report and Recommendation on June 5, 2002.  By Memorandum and Order dated August 8, 2003, District Judge Mary A. McLaughlin, approved and adopted the Report and Recommendation, with the exception of Magistrate Judge Wells' finding that Pavlichko's ineffective assistance of counsel claim was procedurally defaulted.  Judge McLaughlin determined that Pavlichko's ineffective assistance claim was properly exhausted and entitled to review on the merits, but ultimately concluded that it failed on the merits.  Judge McLaughlin denied and dismissed Pavlichko's petition, and subsequently denied his Application for a Certificate of Appealability by Order dated August 27, 2003.  On appeal, the United States Court of Appeals for the Third Circuit affirmed Judge McLaughlin's decision and denied Pavlichko's request for a certificate of appealability.

In 2005, Pavlichko filed a Motion for Relief from Judgment pursuant to Rule 60(b) which Judge McLaughlin denied by Order dated September 8, 2005.  On appeal, the Third Circuit denied Pavlichko's request for a certificate of appealability and determined that his Rule 60(b) Motion amounted to an unauthorized second or successive habeas petition that the District Court lack jurisdiction to entertain.  Nearly fifteen years later, Pavlichko filed an application with the Third Circuit pursuant to 28 U.S.C. § 2244 seeking permission to file a second or successive § 2254 petition.  By Order dated December 30, 2019, the Third Circuit denied Pavlichko's request.

---

[1]  Magistrate Judge Wells alternatively found that even if Pavlichko's ineffective assistance of counsel claim was not procedurally barred, the claim still failed on the merits.

In his current Motion, Pavlichko seeks relief pursuant to Rule 60(b).  He asserts that the decisions of Magistrate Judge Wells and District Judge McLaughlin were based on "clearly erroneous finding[s] of fact" and were made in "direct contradiction" to § 2254 which "required a different outcome[.]"  He claims, *inter alia*, the District Attorney violated *Brady v. Maryland*, 373 U.S. 83 (1963), his counsel was constitutionally ineffective, and his guilty plea was not entered knowingly, voluntarily, or intelligently.  The majority of both Pavlichko's Motion and his Memorandum of Law in Support of the Motion discuss the details of testimony offered by multiple witnesses at his degree of guilt hearing and how this testimony, in combination with caselaw from the Supreme Court and the Third Circuit, demonstrate that Magistrate Judge Wells and District Judge McLaughlin acted in contraindication to § 2254.  Additionally, Pavlichko also asserts a claim of actual innocence.

## II.   STANDARDS

### A.   Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made:  either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable

time" if the motion is made under any other provision.  Fed. R. Civ. P. 60(c).

      **B.**      **Second or Successive Habeas Petitions**

Because this is a federal habeas action, the Court must evaluate whether the Rule 60(b) Motion is actually an unauthorized second or successive habeas petition.  That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam).  Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive.  *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007).  A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion.  Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2019) (a habeas petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner

seeking habeas relief.[2]  It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.* at 531-32 (quoting § 2244(b)(1) and (2)).  "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532.  "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.*  The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted).  Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court.  *Id.* at 532 & n.4.

### III. DISCUSSION

Because, pursuant to 28 U.S.C. § 2244(b)(2), a federal court does not possess jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion, the threshold question before the Court is whether Pavlichko's Rule 60(b) motion is a true Rule

---

[2] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Gonzalez*, 545 U.S. at 529 (footnote omitted, bracketed text added by Supreme Court) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

60(b) motion, or, in reality, a successive habeas petition. The answer to this question is clear – Pavlichko's Rule 60(b) motion can only be viewed as a successive habeas petition. Pavlichko is not challenging any procedural rulings made in the course of denying his petition. Rather, Pavlichko's arguments are direct challenges to the substantive rulings made by the Court in denying the petition on the merits. Moreover, the direct substantive challenges he raises are all claims that have been raised and addressed before by the Court. Therefore, the Motion must be construed as an unauthorized second or successive habeas petition to the extent that in it he is challenging his judgment of sentence. Because he has not received authorization from the Court of Appeals to file another federal habeas petition in order to attack that judgment of sentence, this Court lacks jurisdiction to consider those claims. Furthermore, Pavlichko's Motion to Grant Relief Requested and/or Issue Sanctions, which asks the Court to grant relief pursuant to Rule 60(b) in accordance with Pavlichko's prior Motion and also seeks sanctions against Respondents for failing to comply with Court orders for a response in this matter, will be denied as moot given that the Court does not have jurisdiction to entertain his Rule 60(b) Motion in the first instance.

An appropriate Order dismissing the Rule 60(b) Motion for lack of jurisdiction and denying a certificate of appealability follows.

**November 13, 2020**                    **BY THE COURT:**

                                        **/s/Wendy Beetlestone, J.**

                                        _____
                                        **WENDY BEETLESTONE, J.**